**Greenleaf v. Robert F. Flood Supply Company**

*Martin D. Cohen,* for plaintiff.
*Domenic P. Sbrocchi,* for defendant LVD Co.

GRIFO, *J.,* October 15, 1984 — This matter is before the court on remand from the Pennsylvania Superior Court which directed us to determine whether or not LVD Company was properly served as an additional defendant. We find that it was.

The pertinent facts are as follows:

Plaintiff filed an action in trespass seeking to recover damages for personal injuries which she allegedly sustained on September 24, 1974, while working on a machine at her place of employment. The complaint was filed against multiple defendants, including Pexto Machine, a/k/a Peck, Stow and Wilcox Co. Subsequently, Pexto joined as additional defendant LVD Company, whose principal place of business is in Belgium. Pexto served its third-party complaint upon the additional defendant, LVD Company, through the Secretary of the Commonwealth, pursuant to the "Long Arm Statute" in effect at that time, 42 Pa.C.S. §8305, §8307. The complaint was served by registered mail on December 23, 1977 upon LVD in Gullegen, Belgium. A letter was forwarded by LVD Company to the sheriff, dated January 4, 1978, acknowledging receipt of the complaint and advising the sheriff that it did not believe it was in any way responsible for the injuries sustained. However, no appearance through counsel was entered on behalf of LVD.

LVD contends that it was not properly served because service was not in accordance with an international treaty governing service abroad of judicial and extra judicial documents. The second clause of Article VI of the United States Constitution provides as follows:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution of laws of any State to the Contrary notwithstanding."

Pennsylvania, therefore, cannot attempt to exercise jurisdiction if to do so would violate an international treaty. U.S. v. Pink, 315 U.S. 203, 62 S.Ct 552, 86 L.Ed. 797 (1942).

"On February 10, 1969, following prior ratification and proclamation, the United States of America became bound by the provisions of a multilateral international convention governing 'service abroad of judicial and extra judicial documents' . . . Articles 2 through 6 [of the treaty] establish a system whereby each contracting state shall organize and designate a 'central authority' which will undertake to receive, and to reject or to execute, and to certify requests for service of process from other contracting states. Other methods of service are recognized [in Articles 8 through 10] . . ." Shoei Kako Co., Ltd. v. Superior Court, San Francisco, 33 Cal. at App. 3d 808, 109 Cal. Reporter 402, 410 (1973) (citations omitted).

Pexto in this case argues that the provisions of subdivision (a) of Article 10 are effective both as to the United States and Belgium, and that Pexto was

permitted to send the complaint by postal channels directly to LVD. Article 10(a) of the Treaty reads:

"Provided the State of destination does not object, the present Convention shall not interfere with —

(a) the freedom to send judicial documents by postal channels, directly to persons abroad . . ."

In a declaration to the convention made a part of the treaty, the Belgium government indicated it was opposed to service as provided for in the first paragraph of Article 8 and also discussed its position with respect to the first paragraph of Article 9. No reference in the declaration of the Belgium government is made to Article 10. The failure to object to the provision of subdivision (a) of Article 10 we construe as Belgium's permission to transmit by postal channels documents coming from abroad for service within its country. See Shoei at 412.

Accordingly, we find that LVD Company was properly served as an additional defendant and direct the court administrator to place this matter on the trial list.

Wherefore, we enter the following

### ORDER OF COURT

And now, this October 15, 1984, for the reasons stated in the foregoing opinion, the court administrator is hereby directed to place this matter on the next available trial list.